1

Jes Alexander
8150 N Central Expressway
Suite 200
Dallas, Texas 75206
214-360-6282 [FAX]
jalexander@dickeys.com
(972) 248-9899

2

3

4

5

*Attorney for Defendant Dickey's*

6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9

Charles A. Gulden,

Case No.:   CV-16-387-PHX-ESW

10

Plaintiff,

**DEFENDANT'S NOTICE OF REMOVAL**

11

12

vs.

13

Dickey's Barbecue
Restaurants, Inc.,

14

15

Defendant.

16

17

Defendant Dickey's Barbecue Restaurants, Inc. ("Dickey's") files this Notice of Removal

18

based on federal question jurisdiction to the United States District Court for the District of

19

Arizona, as follows:

20

21

    1.  Plaintiff filed a complaint pursuant to the Telephone Consumer Protection Act,

22

47 U.S.C. §227("TCPA") on January 8, 2016, in the Justice Court for the County of Yuma,

23

Arizona; Case No. J1401CV201600048. Undersigned counsel verifies that the documents

24

attached as Exhibit A to this Notice of Removal are true and correct copies of all pleadings

25

and process known to have been filed in this action to date.

26

27

    2.  Defendant was served on January 12, 2016. Accordingly, removal has

28

occurred within 30 days as required by 28 U.S.C. § 1446(b).

3.  Plaintiff's Complaint seeks damages against Dickey's Barbecue Restaurants, Inc. for alleged violations of Telephone Consumer Protection Act, 47 U.S.C. §227 and 14 C.F.R. § 64.1200.

4.  This action is subject to removal pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. In particular, removal is proper because the TCPA affords federal question jurisdiction. *Shape v. JP Morgan Chase Bank of Arizona,* 2012 WL 1344820 at *2 (D. Ariz. Mar. 14, 2012), *report and recommendation adopted,* 2012 WL 1344789 (D. Ariz. Apr. 18, 2012)(*citing Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012)).

5.  Attached to the Complaint are the Civil Cover Sheet (Exhibit B) and Supplemental Civil Cover Sheet (Exhibit C).

Therefore, Dickey's requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court of Arizona, and for such other and further relief to which it may be justly entitled.

DATED: February 9, 2016

_Jes Alexander_
Jes Alexander
TX 24040404
**Attorney for Defendant,**
**Dickey's Barbecue Restaurants, Inc.**

CERTIFICATE OF SERVICE

I certify that on February 9, 2016, I mailed via certified mail, return receipt requested, a copy of this Notice of Removal to the following parties:

> Charles A. Gulden
> 11802 E. 28th Pl.
> Yuma, AZ 85367

> Clerk of the Court
> United States District Court
> District of Arizona

By _____
   Jes Alexander
   **Attorney for Defendant,**
   **Dickey's Barbecue Restaurants, Inc.**

Exhibit A

 CT Corporation

**Service of Process Transmittal**
01/12/2016
CT Log Number 528458862

TO:     Jes Alexander
        Dickey's Barbecue Pit, Inc.
        4514 Cole Ave Ste 1015
        Dallas, TX 75205-5449

RE:     **Process Served in Texas**

FOR:    Dickey's Barbecue Restaurants, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | CHARLES A. GULDEN, Pltf. vs. DICKEY'S BARBEQUE RESTAURANTS, INC., Dft. |
| DOCUMENT(S) SERVED: | Summons, Notice, Complaint |
| COURT/AGENCY: | Yuma County: Justice Court, AZ<br>Case # J1401CV201600048 |
| NATURE OF ACTION: | Plaintiff seeking statutory damages and actual damages for willful and negligent violations committed by defendant |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 01/12/2016 postmarked on 01/08/2016 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date of service |
| ATTORNEY(S) / SENDER(S): | Charles A. Gulden<br>11802 E. 28th Pl<br>Yuma, AZ 85367<br>928-782-5182 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782160791229 |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Page 1 of  1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE
PAID
YUMA, AZ
85367
JAN 08, 16
AMOUNT
**$6.96**
R2305M147521-14



1000



RETURN RECEIPT REQUESTED

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7015 1520 0000 3010 0166

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-2136

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
**In and For the County of Yuma, State of Arizona**
250 W. 2nd Street, Suite A
Yuma, AZ 85364  (928) 817-4100

---

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No:  **J1401CV20160000L|8**

-vs-

**SUMMONS**

**CIVIL**

**DEFENDANT**
Dickey's Barbeque Restaurants, Inc.
c/o CT Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, TX 75201-2136

---

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.  You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee.  If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.  If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served.  If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service.  If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  This court is located at: <u>250 W. 2nd Street, Suite A, Yuma, AZ  85364.</u>

4.  Your answer must be in writing.  (a) You may obtain an answer form  from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.  You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date:  _____JAN 0 8 2016_____        _____
                                            Judge's Signature
                                            JUSTICE OF THE PEACE

                                                                {COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

**Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!**
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1.  In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them.  A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney.  A corporation has a right to be represented by a managing member.  A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due.  The clerks and staff at the court are not allowed to give you legal advice.  If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2.  You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit.  The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3.  A "plaintiff" is someone who files a lawsuit against a "defendant."  You must file an answer or other response to the plaintiff's complaint **in writing** and **within twenty (20)** days from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.)  If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you.  Your answer must state your defenses to the lawsuit.  Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab.  You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee.  You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties.  You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4.  You may bring a claim against the plaintiff if you have one.  When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5.  You must pay a filing fee to the court when you file your answer.  If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6.  You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit.  However, until an agreement is reached you must still file your answer and participate in the lawsuit.  During the lawsuit, the court may require the parties to discuss settlement.

7.  Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other.  The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit.  A party may also learn more about the other side's case through discovery.  Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8.  The court will notify you of all hearing dates and trial dates.  You must appear at the time and place specified in each notice.  If you fail to appear at a trial or a hearing, the court may enter a judgment against you.  To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

1  Charles A. Gulden
2  11802 E. 28th Pl
   Yuma, AZ 85367
3  Phone: 928-782-5182
   Email: chasinyuma@hotmail.com
4

FILED

2016 JAN -8 PM 2:50

YUMA JUSTICE COURT
FIRST PRECINCT

5              IN THE YUMA COUNTY JUSTICE COURT

6                       STATE OF ARIZONA

7  CHARLES A. GULDEN,              Case No.: **J1401CV201600048**

8              Plaintiff,

9
   vs.                             COMPLAINT (CIVIL)
10

11 DICKEY'S BARBEQUE
   RESTAURANTS, INC.
12
               Defendant.
13

14                    **JURISDICTION AND VENUE**

15     1. This claim arises from tort and is made pursuant to the federal Telephone Consumers

16 Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC)

17 TCPA implementing regulation, 47 C.F.R. §1200.

18     2. Plaintiff, Charles A. Gulden, is a resident of Yuma County, Arizona.  Defendant,
19
   Dickey's Barbeque Restaurants, Inc. is a Texas business entity that conducts business activities
20
   within or into, but not necessarily limited to or within, the state of Arizona.  All acts complained
21
   of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.
22

23                    **FACTUAL ALLEGATIONS**
24
       3. On or about 30 December 2015 and 5 January 2016 Defendant or Defendant's
25
   employees, agents or parties acting on behalf of the Defendant initiated telephone calls to
26
27 Plaintiff's residential telephone number ending in 5182 for the purpose of encouraging the

28 purchase or investment in property, goods or services.
   COMPLAINT (CIVIL) - 1

4.  Plaintiff has not provided Defendant with his prior express invitation or permission to make telephonic solicitation calls to his residential telephone nor does Defendant or any party calling on its behalf have a personal relationship or an established business relationship with the Plaintiff.

5.  For more than thirty-one (31) days prior to Defendants' two (2) separately initiated calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do Not Call Registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

### TCPA VIOLATIONS I & II

6.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7.  Both of the foregoing calls initiated by or on behalf of the Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

8.  The foregoing calls constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION III & IV

9.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.  On 7 January 2016 Plaintiff made a specific request to Defendant's agent or employee in its franchise sales office, the office responsible for the calls to him, that Plaintiff be

COMPLAINT (CIVIL) - 2

added to Defendant's internal Do Not Call list, and Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

11. Defendant's agent or employee did not know if Defendant has a written Do Not Call policy and Defendant has not provided or made available the requested copy of its written policy to Plaintiff.

12. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitutes violation of 47 C.F.R. §1200(c)(2)(i)(A) and 47 C.F.R. §1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C) for each of these violations.

<strong>TCPA VIOLATION V</strong>

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Independent of the violations cited elsewhere in this Complaint, Defendant's numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B), and 47 C.F.R. §1200(d)(2).

15. Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages,

COMPLAINT (CIVIL) - 3

pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

16.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the five (5) separate TCPA violations complained of herein, amounting to total monetary damages of Seven Thousand Five Hundred Dollars ($7,500.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

17.  Plaintiff respectfully requests trial by jury.

Dated this 8ᵗʰ day of January, 2016.

Charles A. Gulden

COMPLAINT (CIVIL) - 4

**JES ALEXANDER**
Deputy General Counsel
jalexander@dickeys.com
Phone: (972) 248-9899
Fax: (214) 360-6282



February 9, 2016

<u>Via Certified Mail, RRR</u>
United States District Court
District of Arizona - Phoenix Division
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, AZ 85003-2118

   *Re:*  *Gulden v. Dickey's Barbecue, Notice of Removal*

To whom it may concern,

  On behalf of Dickey's Barbecue Restaurants, Inc. ("Dickey's"), please find the attached notice of removal, answer, and application for pro hac vice status. Also enclosed is a copy of these documents, and the requisite payments for removal and application for pro hac vice status.

  Should you have any questions or concerns, please do not hesitate to contact me.

        Sincerely,

        Jes Alexander
        Deputy General Counsel

Cc:

Charles A. Gulden
11802 E. 28th Pl.
Yuma, AZ 85367
*Plaintiff*

Exhibit B

2/4/2016                     www.azd.uscourts.gov/cgi-bin/generate_civil_js44.pl

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

## The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.

**Plaintiff(s):** Charles A. Gulden

County of Residence: Yuma

County Where Claim For Relief Arose: Yuma

Plaintiff's Atty(s):

**Defendant(s):** Dickey's Barbecue Restaurants, Inc.

County of Residence: Outside the State of Arizona

Defendant's Atty(s):

**Jes Alexander , Deputy General Counsel
Dickey's Barbecue Restaurants, Inc.
8150 North Central Expressway, Suite 200
Dallas, Texas  75206
9722489899**

## REMOVAL FROM YUMA COUNTY, CASE #J1401CV201600048

<u>II. Basis of Jurisdiction:</u>        **1. U.S. Government Plaintiff**

<u>III. Citizenship of Principal Parties</u> **(Diversity Cases Only)**
                    Plaintiff:- **1 Citizen of This State**
                    Defendant:- **2 Citizen of Another State**

<u>IV. Origin</u> :          **2. Removed From State Court**

<u>V. Nature of Suit:</u>          **890 Other Statutory Actions**

<u>VI.Cause of Action:</u>          **Telephone Consumer Protection Act, 47 U.S.C. 227.**

<u>VII. Requested in Complaint</u>
          Class Action: **No**

Dollar Demand: **7,500**

Jury Demand: **No**

---

<u>VIII. This case</u> **is not related** to another case.

_____

**Signature:**  <u>**Jes Alexander**</u>

**Date:**  <u>**02/05/2015**</u>

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.

Revised: 01/2014

Exhibit C

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1.    **Style of the Case:**
      Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
      Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
      attorney(s) of record for each party named and include their bar number, firm name, correct mailing
      address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Charles A. Gulden | Plaintiff | None, pro se |
| Dickey's Barbecue Restaurants, Inc. | Defendant | Jes Alexander |
| | | |

2.    **Jury Demand:**
      Was a Jury Demand made in another jurisdiction?     Yes  ⦿     No  ◯
      If "Yes," by which party and on what date?
      Plaintiff Charles A. Gulden                                                                    01/08/2016

3.    **Answer:**
      Was an Answer made in another jurisdiction?     Yes  ◯     No  ⦿
      If "Yes," by which party and on what date?

**4.    Served Parties:**
The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| Defendant Dickey's Barbecue Restaurants, Inc. | January 12, 2016 | Certified Mail |
|  |  |  |
|  |  |  |

**5.    Unserved Parties:**
The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
|  |  |
|  |  |
|  |  |

**6.    Nonsuited, Dismissed or Terminated Parties:**
Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
|  |  |
|  |  |
|  |  |

**7.    Claims of the Parties:**
The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| Plaintiff Charles Gulden | Alleged violations of the Telephone Consumers Protection Act. |
| Defendant Dickey's Barbecue Restaurants, Inc. | None |
|  |  |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**